A01A2403. DOMINGUEZ-VEGA v. THE STATE.
(560 SE2d 56)

MIKELL, Judge.

A jury convicted Leoncio Dominguez-Vega of rape, two counts of aggravated assault, kidnapping, battery, and carrying a concealed weapon. He appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his rape conviction and that his trial counsel rendered ineffective assistance. Finding no error, we affirm.

1. Appellant challenges the sufficiency of the evidence to support the rape conviction. This argument consists of a generalized attack upon the rape victim's credibility. However, it is not the function of an appellate court to weigh the evidence, determine witness credibility, or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged. *Hardy v. State*, 240 Ga. App. 115, 121 (8) (522 SE2d 704) (1999). Instead, the evidence must be viewed in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a rea-

sonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person commits rape when he has carnal knowledge of a woman forcibly and against her will. OCGA § 16-6-1. In this case, the state, assisted by the defendant's own testimony, presented ample evidence of the defendant's guilt. The record reveals that on the date of the incident, the defendant and the victim, who had had a volatile, long-term relationship, were no longer living together but still saw each other daily. The defendant testified that early in the morning he drove to the victim's workplace and demanded that she give him money to help pay for repairs to his car. According to the victim, she went outside with the defendant and explained that she could not help him. Enraged, the defendant slapped her hard on her cheek with the back of his hand. The victim testified that the defendant took her arm, shoved her into his car, drove to his brother's house, took her inside, and raped her.

On direct examination, the defendant testified that he slapped the victim; that he grabbed her hand and opened the car door so she would get in; and that he drove her to his brother's apartment. The defendant testified that after he and the victim went inside, he suggested they have sex because "after I slapped her, that made her feel good." Although counsel tried to rehabilitate the defendant, he continued in the same vein:

A. I knew that I had slapped her on the cheek. I told her come over, take your pants off, so we turned the sofa around. At this point I pull her pants off and also her panties. I was making love with her. It was like love and foreplay.
Q. Did she do anything to make you think that she did not want to have sex?
A. She said no, but a man knows what that no means.

Given that the defendant admitted all of the essential elements of the offense, the jury was authorized to conclude beyond a reasonable doubt that the defendant raped the victim.[1]

2. The defendant next contends that his trial counsel was ineffective because she failed to impeach the victim with prior inconsistent statements. We disagree.

In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674)

---

[1] Although the defendant has not contested the sufficiency of the evidence to support his conviction on the remaining counts, we have reviewed the entire transcript out of an abundance of caution, and we find that any rational trier of fact could have found the defendant guilty of the offenses with which he was charged. *Jackson v. Virginia*, supra.

(1984), a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. *Jackson v. State*, 243 Ga. App. 289, 291 (3) (531 SE2d 747) (2000). Moreover,

> there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic.

(Footnote omitted.) Id.

Defendant argued at the hearing on his motion for new trial that his trial counsel should have impeached the victim with the statement she gave to the police and with her testimony at the preliminary hearing. Defendant raises only one inconsistency between the victim's trial testimony and her prior statements. At trial, the victim testified that she removed her clothing after the defendant instructed her to do so, while at the preliminary hearing and in her statement to police, the victim indicated that the defendant pulled off her pants and underwear. Trial counsel testified that she elected not to cross-examine the victim on this point because counsel "was happier with her version on the stand than with what she wrote in her statement." We hold that trial counsel's decision not to impeach the victim with her prior inconsistent statements was a matter of trial strategy and fell within the bounds of reasonable professional conduct. *Jenkins v. State*, 268 Ga. 468, 473 (10) (491 SE2d 54) (1997).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 1, 2002.

*Mark R. Gaffney*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Joseph N. Walden III, Assistant District Attorneys*, for appellee.